IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SEVEN OAKS CONSTRUCTION,    )
LLC,                        )
                            )
    Plaintiff,              )
                            )   CIVIL ACTION NO.
    v.                      )     2:11cv140-MHT
                            )         (WO)
TALBOT CONSTRUCTION, INC.,  )
and TRAVELERS CASUALTY AND  )
SURETY COMPANY, INC.,       )
                            )
    Defendants.             )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  See 28 U.S.C. § 1332; see also

2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The removal notice is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': Seven Oaks Construction, LLC.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  The notice must therefore allege "the citizenships of all the members of the limited liability company."  Id.  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The removal notice is also insufficient because it does not indicate the citizenship of corporate defendants Talbot Construction, Inc. and Travelers Casualty and Surety Company, Inc.  The notice must allege the

citizenship of <u>both</u> the State of incorporation <u>and</u> where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(2); <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until April 20, 2011, to amend the notice of removal to allege jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 5th day of April, 2011.

                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE